NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3103

DANNY GRIFFIN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  May 8, 2006

_____

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Danny Griffin appeals from a decision of the Merit Systems Protection Board, Docket No. CH-0752-04-0474-I-2, upholding a decision by the United States Postal Service to remove Mr. Griffin from his position for failing to maintain a regular work schedule and failing to follow required leave procedures.  We affirm.

## BACKGROUND

Prior to his removal, Mr. Griffin worked as a mail handler in the Chicago Bulk Mail Center.  On March 3, 2004, the Postal Service issued him a removal notice, which Mr.

Griffin received later that day.  The notice informed Mr. Griffin that he was not meeting the attendance requirements of his position, and cited 38 instances of unscheduled absences between April 15, 2003, and February 10, 2004, for which Mr. Griffin had not complied with the Postal Service's procedures for requesting leave.  For instance, Mr. Griffin did not obtain advance authorization for any of the cited absences.  Additionally, the notice stated that Mr. Griffin failed to comply with the Postal Service's call-in procedures, which required employees to call a toll-free Postal Service number at least 30 minutes before the start of a scheduled shift if the employee would be late or absent.  The letter also noted that, prior to January 2003, Mr. Griffin was formally disciplined by the Postal Service on three different occasions for various attendance problems.

At the time the removal letter was sent, Mr. Griffin had not established that he had any preference-eligible status.  Consequently, the letter did not reference the procedural protections codified in 5 U.S.C. § 7513(b) to which preference-eligible employees are entitled (i.e., 30 days advance written notice, a reasonable time to reply, the right to be represented, and a written decision).  However, the letter did state that Mr. Griffin's removal would be effective 30 days after its receipt.  The letter also informed Mr. Griffin that he had the right, under a collective bargaining agreement, to file a grievance challenging the removal within 14 days of receiving the letter.  Mr. Griffin filed such a grievance and pursued that grievance through the Postal Service's three-step grievance procedure.  Mr. Griffin was terminated from the Postal Service effective April 2, 2004.  The grievance procedure ended with a denial at the third step in May 2004.

06-3103                                2

Mr. Griffin appealed his removal to the Merit Systems Protection Board. After a hearing, the administrative judge upheld the removal, and the full Board denied Mr. Griffin's petition for review. Mr. Griffin appeals from that final judgment.

DISCUSSION

1. Mr. Griffin first complains that the administrative judge denied his request for certain witnesses. He sought to have 11 witnesses testify at his hearing. Although the administrative judge granted Mr. Griffin's request with respect to six of those witnesses, the administrative judge denied Mr. Griffin's request with respect to the other five on the grounds that the testimony that Mr. Griffin planned to elicit from those five witnesses was irrelevant to Mr. Griffin's claim, was based on hearsay, or went to undisputed facts. Mr. Griffin has not explained why the testimony of those witnesses was necessary or why the administrative judge's grounds for refusing those witnesses were erroneous. Thus, we see no error in the administrative judge's refusal to hear testimony from those witnesses.

2. Next Mr. Griffin appears to allege that the administrative judge engaged in an improper ex parte discussion during a break in the pre-hearing telephone conference. However, Mr. Griffin offers no support for that allegation, other than his observation that counsel for the Postal Service asked to take a short break during the call, and the administrative judge indicated that she would like to take a break at the same time. That observation does not suggest—let alone prove—that there was any improper contact between the administrative judge and agency counsel during the conference.

3. Mr. Griffin also argues that the administrative judge did not provide him with "explicit information on what is required to establish an appealable jurisdictional issue."

However, none of Mr. Griffin's claims have been dismissed for lack of jurisdiction at any stage of this case. Thus, Mr. Griffin's argument has no bearing on this case.

4. Next, Mr. Griffin makes the general assertion that the administrative judge did not consider all the evidence in the record. However, Mr. Griffin does not specifically challenge any of the administrative judge's factual findings, and he does not point to any specific evidence he believes the administrative judge failed to consider. Accordingly, we see no basis on which to conclude that the administrative judge failed to consider the evidence of record.

5. Mr. Griffin complains that the full Board erred by failing to consider additional evidence consisting of five documents that he submitted for the first time in his petition for review. In his petition, Mr. Griffin explained that he intentionally chose to withhold one of the documents—a copy of portions of his medical records—during earlier proceedings because he felt he could not trust the Postal Service or its "agents." Three of the other documents Mr. Griffin submitted as additional evidence are letters from federal agencies confirming receipt of various discrimination complaints filed by Mr. Griffin. All three of the letters are addressed to Mr. Griffin, and all three letters predate the administrative judge's decision. Mr. Griffin provides no explanation as to why those four documents were previously unavailable, and thus those documents do not qualify as new and material evidence. Moreover, the relevance of the documents seems to be limited to establishing facts that were undisputed (e.g., the letters merely show that Mr. Griffin filed discrimination complaints, a fact that the Postal Service did not challenge). If Mr. Griffin believed that those documents were important to his claim, he should have submitted them to the administrative judge before the administrative judge reached a

decision on Mr. Griffin's claims. We discern no error in the Board's conclusion that those four documents were not new and material evidence.

There is some confusion in Mr. Griffin's argument regarding the fifth document that he referred to in his petition for review. In his petition, Mr. Griffin referred to an "Investigative Report" that was apparently prepared by the agency. However, Mr. Griffin's explanation of why that evidence was previously unavailable appears to be that the document was too large to photocopy and that "[t]here are Privacy Act issues that would prohibit me from allowing unauthorized persons access to this file." If Mr. Griffin had a copy of the investigative report prior to the hearing before the administrative judge—and his petition for review suggests that he did—then his explanation is insufficient to establish that the document was previously unavailable. Moreover, Mr. Griffin has not shown that the investigative report is material. He asserts that the report "concerns itself with most of the issues surrounding this case." That statement by itself, however, is insufficient to show that the report is "of sufficient weight to warrant an outcome different from that of the initial decision." Bucci v. Dep't of Educ., 42 M.S.P.R. 47, 55 (1989).

In his petition for review, Mr. Griffin also complained that the administrative judge rejected his motion to compel discovery. It appears that Mr. Griffin requested documents from the Postal Service, and then filed a motion to compel production of those documents. The administrative judge denied the motion because Mr. Griffin failed to explain whether or to what extent the Postal Service had failed to comply with his request for documents. To the extent that Mr. Griffin means to reassert that claim here, we hold that the administrative judge's ruling was not an abuse of discretion. Mr. Griffin

has failed to show that the ground for the administrative judge's ruling was wrong or that he was prejudiced by the administrative judge's denial of his motion to compel discovery. In his petition for review, Mr. Griffin complained he was denied access to leave and attendance records from the facility where he had previously worked. Those records, he argued, would show that supervisors at the facility gave special treatment to certain employees by covering for them when they arrived late for a scheduled shift. The problem with that argument is that even if Mr. Griffin were able to show irregularities in the attendance records for other employees, that would not change the fact that the Postal Service properly documented Mr. Griffin's 38 unscheduled absences. Thus, Mr. Griffin has not shown how he was prejudiced by the fact that the administrative judge denied his motion to compel production of those records.

6. Mr. Griffin next contends that the Postal Service did not provide him with a proper notice of removal. Under 5 U.S.C. § 7513(b), preference-eligible employees in the Postal Service are entitled to "at least 30 days' advance written notice" of removal. Mr. Griffin was issued only a single letter informing him of his removal, which advised him that his removal would become effective in 30 days. The reason for that irregularity appears to be that Mr. Griffin did not provide evidence that he was a preference-eligible employee until April 1, 2004, nearly a month after the notice of removal was issued.[1]

---

[1] Mr. Griffin also contends that he "was not given ten point preference for which he is entitled." We construe this argument to be related to the Postal Service's failure to recognize his preference-eligible status. However, the only consequence of the Postal Service's failure to recognize Mr. Griffin's preference-eligible status was that the Postal Service failed to accord him the procedures set forth in 5 U.S.C. § 7513(b), an issue that we address in the text.

Although the agency did not recognize that Mr. Griffin was entitled to the rights conferred by section 7513(b), he nonetheless received 30 days' advance notice of his proposed removal and an opportunity to respond to the charges against him. As the administrative judge noted, the March 3 letter provided Mr. Griffin with notice of and a statement of reasons for his removal. The letter also advised him that he was entitled to file a grievance under his union's collective bargaining agreement. He was thus afforded an opportunity to respond to the removal notice, which he did by filing a grievance and pursuing it to a step 3 decision. As part of step 2 in the grievance procedure, the Postal Service issued a written decision upholding Mr. Griffin's removal. The administrative judge concluded that the agency thus gave Mr. Griffin 30 days' notice of his removal, informed him of the charges against him, gave him "an explanation of the agency's evidence," afforded him an opportunity to respond to the charges, and provided a written decision in response to his submission. While ruling that the failure to follow the requirements of section 7513(b) constituted procedural error, the administrative judge concluded that under the circumstances of his case and in light of Mr. Griffin's failure to show how the agency's error may have affected the outcome of the removal proceedings, the error was harmless. See Campbell v. U.S. Postal Serv., 95 M.S.P.R. 185, 187 n.1, 189-90 (2003).

We sustain the Board's ruling in that regard. Mr. Griffin has not made any showing that the procedures followed in his case denied him the right to notice of the charges against him and an opportunity to contest those charges before his removal became effective. In the absence of any suggestion that the notification procedures

afforded to him were inadequate in a way that prejudiced him, we decline to overturn the administrative judge's harmless error determination.

7. Next, Mr. Griffin contends that the Postal Service failed to properly apply regulations under the Family and Medical Leave Act ("FMLA"). Subject to certain limits, the FMLA gives eligible employees the right to take unpaid leave related to certified medical conditions. Mr. Griffin was approved for FMLA leave in 2003 for an immuno-suppression syndrome, and in 2004 for an immuno-suppression syndrome and a herniated disc. However, based on documentation provided by the Postal Service the administrative judge found that the FMLA did not apply to the absences cited in Mr. Griffin's notice of removal. For instance, some of the absences for which Mr. Griffin now seeks FMLA coverage were not related to Mr. Griffin's approved FMLA medical problems. Other absences for which Mr. Griffin now seeks FMLA coverage occurred during months in which Mr. Griffin had exceeded his approved FMLA frequency. Mr. Griffin has not specifically challenged those findings, and we see no error in the administrative judge's conclusion that the absences were not excused by the FMLA.

8. Mr. Griffin argues that he was held to an attendance standard that was not uniformly applied to other employees, because other employees were allowed to work past their scheduled shifts in order to make up time lost when they reported late to a shift. The administrative judge credited testimony by a Postal Service supervisor indicating that other employees were not allowed to make up time in the manner described by Mr. Griffin, and we see no error in that conclusion. In any event, as noted, even if some amount of tardiness by other employees may have been tolerated by Postal Service supervisors, such a practice does not constitute a defense for Mr. Griffin

in light of the large number of unscheduled absences that formed the basis for the charges against him.

9. Finally, Mr. Griffin argues that the Postal Service's decision to remove him was in retaliation for his filing equal employment opportunity and workers compensation claims. The administrative judge correctly listed the four elements a claimant must show to prevail on a retaliation claim, and then noted that Mr. Griffin "submitted no evidence, other than the fact he filed these claims, to support a finding that this removal action could be in retaliation for the claims." Mr. Griffin has not specifically challenged the administrative judge's findings with regard to his retaliation claim, and we see no error in those findings. Because we conclude that Mr. Griffin has failed to identify any reversible error in the Board's decision, we affirm the decision upholding his removal.